UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**MICHAEL ANDREW LONG**,

Debtor.

Case No. **07-60011-7**

**MEMORANDUM OF DECISION**

At Butte in said District this 9th day of January, 2009.

In this Chapter 7 case the Debtor filed a Motion for Enforcement of Automatic Stay ("Motion") on October 21, 2008, against creditor Mountain West Bank ("MWB") alleging civil contempt by MWB, violations of the discharge injunction and willful violations of the automatic stay under 11 U.S.C. § 362(k) by failing to dismiss a state court civil action against the Debtor, and seeking actual damages, punitive damages, costs and attorney's fees. A hearing on Debtor's Motion was held at Missoula on December 11, 2008. Debtor was represented by his attorney Jeffrey Greenwell ("Greenwell") of Kalispell, Montana, and his co-counsel James H. Cossitt ("Cossitt") testified. MWB was represented by attorney Jonathan Motl, and its co-counsel Amy Randall ("Randall") testified. Exhibits ("Ex.") 1, 2, 3, 4, 5, and 6 were admitted into evidence by stipulation. At the conclusion of the parties' cases-in-chief the Court heard closing argument from counsel, then took the matter under advisement. After review of the record and applicable law by the Court, the matter is ready for decision. For the reasons set forth below Debtor's Motion will be denied.

1

This Court has jurisdiction of this Chapter 13 case under 28 U.S.C. § 1334(a). Debtor's Motion is a core proceeding under 28 U.S.C. § 157(b)(2). This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

## FACTS & PROCEDURAL HISTORY

MWB initiated an action against Michael Andrew Long ("Long" or "Debtor"), based on a defaulted business loan, in the Montana Eleventh Judicial District Court, Flathead County, Case #DV-06-369B (the "state court action"), approximately six months before he filed his bankruptcy petition. Debtor's Ex. 4 includes correspondence between Randall and Cossitt regarding the possibility that they would settle the state court action by Long signing a confession of judgment in December 2006, while MWB's motion for summary judgment was pending and contested.

Instead of signing the confession of judgment, Long filed a voluntary Chapter 7 petition on January 9, 2007, with his Schedule F, Ex. 1, listing MWB as a creditor. The Notice of Commencement of the case, Ex. 2, was served on MWB and other creditors by first class mail on January 11, 2007. Ex. 2 includes the standard language advising creditors: "The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property . . . . If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized."

Under "Explanations" the § 341 notice explains:

> Creditors May Not Take Certain Actions. Prohibited collection actions are listed in the Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages.

No evidence exists in the record that MWB contacted the Debtor after the petition date to demand repayment, or that MWB took any action in continuance of the state court action or otherwise to collect money or obtain property from the Debtor. Randall testified that MWB took no action in the state court action after the petition date. MWB did file a motion to modify stay in this case, but withdrew it on June 6, 2007 (Docket No. 26), advising that the Debtor had surrendered property which was the subject of the motion.

On January 18, 2007, Cossitt signed Ex. 3, a "Notification of Bankruptcy Filing, Stay Under 11 U.S.C. § 362 & Injunction under 11 U.S.C. § 524" which he filed in the state court action and served on Randall representing MWB. In Ex. 3 Cossitt advised the state court of the Debtor's bankruptcy filing, that it included MWB as a creditor, and requested that the court note the automatic stay and discharge "and that those provisions have the effect of staying all further proceedings." No evidence exists in the record that MWB or the state court took any further action in that proceeding, but MWB did not dismiss the action[1].

MWB commenced an adversary proceeding, No. 07-00026, by filing a complaint on April 9, 2007, seeking denial of Debtor's discharge under 11 U.S.C. §§ 727(a)(3) and 727(a)(4)(A) and seeking exception of MWB's claim from the Debtor's discharge under 11 U.S.C. §§ 523(a)(4) and 523(a)(6). The Debtor filed an answer and counterclaim for attorney fees based on contract. Trial of Adv. No. 07-00026 was held on January 28 and 29, 2008. This Court entered a Memorandum of Decision and Judgment on June 27, 2008, dismissing MWB's claims for relief, dismissing Debtor's counterclaim and ordering that each party shall be responsible for its own attorneys' fees and costs. MWB filed a notice of appeal, and that appeal currently is pending

---

[1] Neither did Cossitt request that the state court action be dismissed in Ex. 3.

before the Bankruptcy Appellate Panel ("BAP") of the Ninth Circuit Court of Appeals. Because of the pendency of MWB's appeal and Adv. No. 07-00026, no discharge of the Debtor's debts has been entered in the Debtor's Chapter 7 case[2].

On June 30, 2008, Cossitt emailed Randall with Ex. 4, in which Cossitt requests MWB to prepare a motion or stipulation to dismiss MWB's state court action against the Debtor, citing *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210 (9th Cir. 2002), and other cases. MWB did not dismiss the state court action. Debtor filed his Motion on October 21, 2008, seeking damages, attorney fees and costs from MWB, alleging that MWB refused Debtor's demand that it dismiss the state court action, which may have been reported to credit reporting agencies and negatively affected Debtor's credit.

Debtor's Ex. 5 is Randall's affidavit dated October 24, 2008, stating that MWB's state court action against the Debtor is stayed, that MWB will not take any action against the Debtor while the bankruptcy case is pending and will dismiss the state court action if its claim ultimately is discharged, but that MWB has elected not to dismiss the action because of the time and cost to reinstate the case if it were dismissed and MWB is successful on its appeal challenging Debtor's discharge.

Cossitt testified that factors considered by credit reporting agencies include bankruptcies and existing state court lawsuits, and that he knows that an existing state court lawsuit is a negative factor for credit ratings, but he does not know how much weight the lawsuit has on the Debtor's credit score. Ex. 5 is Cossitt's billing statement showing dates, services and fees

---

[2]Because no discharge has been entered, Debtor's allegations in his Motion at paragraphs 16, 18, 21, and the prayer for compliance by MWB with the discharge injunction, are without merit and need no further discussion. There is no discharge injunction.

incurred with respect to MWB's alleged stay violations, beginning 6/30/2008 through 12/11/2008, reflecting fees and mileage totaling $3,357.25. In addition, Cossitt testified that the Debtor incurred another 2 hours of attorney fees at the rate of $150 per hour for Greenwell for attending the hearing. No evidence was offered of lost wages or other damages incurred by the Debtor in the course of this contested matter. Cossitt testified that he has observed creditor behavior after the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") demonstrating a defiance of the bankruptcy stay.

## DISCUSSION

The Debtor's filing of his Chapter 7 bankruptcy petition on January 9, 2007, gave rise to an "automatic stay." 11 U.S.C. § 362(a). The Ninth Circuit has repeatedly reiterated the broad scope of the automatic stay as "one of the most important protections in bankruptcy law." *See In re Risner*, 317 B.R. 830, 835 (Bankr. D. Idaho 2004), quoting *Leetien*, 309 F.3d at 1214-15; *Hillis Motors, Inc. v. Hawaii Auto Dealers' Assoc.*, 997 F.2d 581, 585 (9th Cir. 1993). The Ninth Circuit construed the automatic stay in *In re Gruntz*, 202 F.3d 1074, 1081-82 (9th Cir. 2000):

> The automatic stay is self-executing, effective upon the filing of the bankruptcy petition. *See* 11 U.S.C. § 362(a); *The Minoco Group of Companies v. First State Underwriters Agency of New England Reinsurance Corp.* (*In re The Minoco Group of Companies*), 799 F.2d 517, 520 (9th Cir.1986). The automatic stay sweeps broadly, enjoining the commencement or continuation of any judicial, administrative, or other proceedings against the debtor, enforcement of prior judgments, perfection of liens, and "any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6).

Section 362(k)[3] in effect in this case provides:

[A]n individual injured by any willful violation of a stay provided by this section

---

[3] Section 362(h) was amended and redesignated to § 362(k) by enactment of BAPCPA in 2005.

5

> shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages.

*Leetien, P.C., v. Roman (In re Roman)*, 283 B.R. 1, 9 (9th Cir. BAP 2002).

An award of attorney's fees and costs is mandatory as actual damages upon finding a willful violation of the stay under § 362(k). *Roman*, 283 B.R. at 9-10. The BAP in *Roman* cited Congress' intent that an award of attorney's fees and costs is mandatory upon a finding of a willful violation of the stay. *Id.*, 283 B.R. at 7, 9-10; *Beard v. Walsh (In re Walsh)*, 219 B.R. 873, 876, 879 (9th Cir. BAP 1998); *Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 589 (9th Cir. BAP 1995).

The BAP in *Roman* reiterated the long-standing rule followed by this and other courts that a violation of the stay is willful if (1) the creditor knew of the stay, and (2) the creditor's actions which violated the stay were intentional. 283 B.R. at 8; *Leetien & Adler*, 309 F.3d at 1215; *In re Reece*, 15 Mont. B.R. 474, 477-78 (Bankr. D. Mont. 1996), citing *In re Lile*, 103 B.R. 830, 836, 841 (Bankr.S.D.Tex.1989). In *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003), the Ninth Circuit noted that § 362(k) provides for damages for willful violation of the stay upon a finding that the defendant knew of the automatic stay and that the defendant's actions, which violated the stay, were willful. *See also Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 191 (9th Cir. 1995) (cited in *Roman*, 283 B.R. at 12-13).

A party with knowledge of bankruptcy proceedings is charged with knowledge of the automatic stay. *Dyer*, 322 F.3d at 1191, *citing Pinckstaff v. United States*, 974 F.2d 113, 115 (9th Cir. 1992). Further, "once a creditor or actor learns or is put on notice of a bankruptcy filing, any actions intentionally taken thereafter are 'willful' within the contemplation of § 362([k])." *Risner*, 317 B.R. at 835, citing *Leetien & Adler*, 309 F.3d at 1215; *In re Forty-Five Fifty-Five, Inc.*, 111

6

B.R. 920, 923 (Bankr. D. Mont. 1990).

The evidence is uncontroverted that MWB received Ex. 2, which warned of the stay and penalties for its violation, and that MWB took no action in the state court action. At issue in this case is whether MWB's failure to dismiss its prepetition state court action willfully violated the stay. The Debtor argues that *Leetien* requires that MWB dismiss the state court action within a reasonable period of time or be subject to sanctions for willful violation of the stay. MWB argues that *Leetien* is distinguishable because it involved a collection action commenced postpetition, while MWB commenced the state court action prepetition and took no action after the petition date, but rather preserved the status quo. This Court agrees with MWB that *Leetien* is distinguishable.

In *Leetien* the creditor initiated a collection action in state court ten days after the date the debtor filed a chapter 7 petition. 309 F.3d at 1212. Actions taken in violation of the automatic stay are void, not merely voidable. *Lone Star Sec. & Video, Inc. v. Gurrola (In re Gurrola)*, 328 B.R. 158, 175 (9th Cir. BAP 2005); *Gruntz*, 292 F.3d at 1082; *40235 Washington Street Corp. v. Lusardi*, 329 F.3d 1076, 1082 (9th Cir. 2003); *Schwartz v. United States* ("*Schwartz*"), 954 F.2d 569, 570-71, 575 (9th Cir.1992); *In re Deines*, 17 Mont. B.R. 114, 115 (Bankr. D. Mont. 1998); *Hillis Motors, Inc. v. Hawaii Auto Dealers' Assoc.*, 997 F.2d at 586. The postpetition collection actions initiated by the creditor in *Leetien* were in plain violation of the stay and void, and subject to sanctions. The bankruptcy court imposed sanctions for willful violations of the stay, and the district court and Ninth Circuit affirmed. *Leetien,* 309 F.3d at 1212. In contrast, MWB initiated its state court action approximately six months before Long filed his Chapter 7 petition, and that initiation cannot be deemed a violation of the stay.

The Ninth Circuit held: "Consistent with the plain and unambiguous meaning of the

7

statute, and consonant with Congressional intent, we hold that § 362(a)(1) imposes an affirmative duty to discontinue post-petition collection actions." *Leetien*, 309 F.3d at 1215. Concluding, the Ninth Circuit wrote:

> We conclude that § 362(a) imposes an affirmative duty to discontinue post-petition collections actions. Sanctions are appropriate pursuant to § 362(h) because Eskanos willfully violated the automatic stay by maintaining the active collection action and unjustifiably delaying its dismissal after receiving notice of the bankruptcy petition.

*Leetien*, 309 F.3d at 1216.

In an unpublished decision in 2006, the Ninth Circuit cited *Leetien* that "[u]pon learning of a bankruptcy proceeding, a creditor is required to immediately discontinue all post-petition collection actions in non-bankruptcy fora against the debtor." *Goodrich v. Union Planters Mortgage*, 196 Fed. Appx 586 (9th Cir. 2006). Debtor argues that MWB willfully violated the stay when it failed to dismiss the state court action within a reasonable period of time. Cossitt testified that when the stay comes into effect a creditor in a state court action must choose between "a fork in the road," and either file a motion for relief from the stay, or in a reasonable amount of time has an affirmative duty to dismiss the state court action.

In construing *Leetien*, a district court notes that the Ninth Circuit in that case, "defines discontinuation as either a dismissal *or* stay of proceedings. *Johnston v. Parker (In re Johnston)*, 321 B.R. 262, 286 (D. Ariz. 2005) (emphasis in original), quoting *Leetien*, 309 F.3d at 1214 ("A party violating the automatic stay, through continuing a collection action in a non-bankruptcy forum, must automatically dismiss or stay such proceeding or risk possible sanctions for willful violations pursuant to § 362([k])").

Based on the record, this Court finds and concludes that the Debtor has failed his burden of

proof to show that MWB has not stayed its state court proceeding. MWB initiated its state court action against Long prepetition, not after the petition was filed like the creditor in *Leetien,* and that cannot be found to have violated a stay which was not in existence. No evidence exists in the record that MWB has taken any action postpetition in the state court proceeding in furtherance of its claim, and the state court action is effectively stayed. The Debtor filed Ex. 3 with the state court further enforcing the effect of the stay.

The evidence shows that no potential of a default judgment exists in the state court proceeding, which was a risk noted in *Leetien*, 309 F.3d at 1213, and, in fact, Long had answered in the state court action and filed opposition to MWB's motion for summary judgment before advising the state court of the stay. In sum, MWB's action against Long was not a postpetition collection action, and all the evidence shows that MWB discontinued the state court action after receiving notice of the stay.

Further, the Debtor and *Leetien* each note that dismissal of a collection action need not be immediate. The Ninth Circuit quoted above noted that the creditor willfully violated the stay by maintaining an active collection action "and unjustifiably delaying its dismissal" after receiving notice of the stay. *Leetien*, 309 F.3d at 1216. Debtor argues that MWB unreasonably delayed dismissing the state court action. Thus, failure to dismiss a prepetition action may be, and in the instant case is, justifiable.

MWB filed an adversary proceeding seeking denial of Debtor's discharge and alternatively seeking exception from Debtor's discharge of its claim, before the deadline set by Ex. 2 expired. A memorandum of decision and judgment were entered adverse to MWB in Adversary No. 07-00026. MWB filed a timely notice of appeal, which remains pending. If MWB loses on its appeal

9

a discharge will be entered, and MWB recognizes in Ex. 5 that, in that event, it must dismiss the state court action. If, on the other hand, MWB is successful on appeal and Debtor's discharge is denied or MWB's claim is excepted from his discharge, then the stay under § 362(a) against the Debtor is terminated by § 362(c)(2)(C). Thus if MWB wins on appeal, its claim may not be discharged and the Debtor will no longer be protected by the stay or discharge injunction. In that event the Debtor would have no grounds for relief, and MWB should not be required to have dismissed its state court action and start over. The Court finds that in such circumstances MWB's delay in dismissing the state court action is justifiable under *Leetien*, 309 F.3d at 1216, and reasonable.

Lastly, the Court notes that Debtor's Motion is premature. The BAP observed that "fee shifting statutes, like § 362([k]) have given debtors an opportunity to use the statute as a sword rather than a shield against creditors, to courts' dismay[,]" and "that rewarding debtors too lavishly in § 362([k]) actions will encourage a cottage industry of precipitous § 362([k]) litigation[.]" *Roman*, 283 B.R. at 11, quoting *McLaughlin v. Fireman's Trust Mortgage Corp. (In re McLaughlin)*, 96 B.R. 554, 560 (Bankr. E.D. Pa. 1989).

Under *Roman* the Court must examine whether the Debtor could have mitigated his damages, and in determining the appropriate amount of attorney's fees to award courts look "to two factors: (1) What expenses or costs resulted from the violation; and (2) what portion of those costs was reasonable, as opposed to costs that could have been mitigated." *Roman*, 283 B.R. at 12, quoting *In re GeneSys, Inc.,* 273 B.R. 290, 296 (Bankr. D.C. 2001) (other citations omitted). "Courts especially scrutinize cases where the debtor's only injuries are those incurred in litigating the motion for sanctions, and where there exist no circumstances warranting punitive

damages." *Roman*, 283 B.R. at 12 (citing cases). The instant case requires special scrutiny because Debtor's only damages shown by the evidence were mileage and attorneys' fees, and no evidence exists in the record to support an award of punitive damages. Debtor's only evidence of actual damages was Cossitt's testimony that his credit rating is harmed by the credit reporting agency listing the state court action, although he could not say how much harm because of the bankruptcy. The Motion is premature because if MWB wins on appeal the state court action and MWB's debt would remain on Debtor's credit report, along with the bankruptcy.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this Chapter 13 case under 28 U.S.C. § 1334(a).

2. Debtor's Motion for Sanctions is a core proceeding under 28 U.S.C. § 157(b)(2).

3. No discharge has been entered in this case, and therefore the Debtor failed to show that MWB in any manner violated the discharge injunction of 11 U.S.C. § 524(a).

4. Debtor failed to proved a willful violation of the automatic stay by MWB in violation of 11 U.S.C. § 362(k) by a preponderance of the evidence, when MWB discontinued its prepetition state court action after the date of the filing of the petition, and did not unjustifiably delay dismissal of the state court action while it had a pending adversary proceeding objecting to and seeking exception from the Debtor's discharge. Debtor's Motion is premature.

5. Debtor's only injuries are attorneys' fees and costs incurred in litigating the Motion, and no circumstances were submitted through the evidence warranting punitive damages, which subjects Debtor's Motion to special scrutiny. *Roman*, 283 B.R. at 12.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above denying Debtor's Motion for Enforcement of Automatic Stay against Mountain West Bank, filed

11

on October 21, 2008 (Docket No. 35).

                                       BY THE COURT

                                       /s/ Ralph B. Kirscher
                                       HON. RALPH B. KIRSCHER
                                       U.S. Bankruptcy Judge
                                       United States Bankruptcy Court
                                       District of Montana